BENIGNO CASTRO ET AL., Appellants, *v*. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 679. Submitted April 22, 1927.—Decided May 13, 1927.

*Pascasio Fajardo Martínez* for the appellants. The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Mayagüez approved the dominion title to a house and lot worth $300 in favor of Benigno Castro and his wife, Encarnación Agostini y Agostini, share and share alike, of an undivided interest, the wife's share being inherited from her mother, Trinidad Agostini, and the husband's being acquired by purchase from Francisca Bayrón who inherited it from her mother, Trinidad Agostini, who bought the house and lot from Altagracia del Río.

The registrar refused to record the dominion title and among other reasons said: "The record is refused. . . . . because it has not been shown that Mrs. Agostini y Agostini has paid the inheritance tax, or has been exempted therefrom, on her undivided share acquired by her as stated above; that it has not been shown that the heirs or successors of the former owner, Trinidad Agostini y Agostini, had been duly summoned, or that appellant Encarnación Agostini y Agostini was the sole and universal heiress of Trinidad Agostini y Agostini. . . ."

Section 368 of the Political Code, as amended by Act No. 62 of 1916, imposes a tax on inheritances, but it is thereby provided that such tax shall not be collected upon the property passing to a wife, child, grandchild, or person legally recognized as an adopted child of a male decedent, when the same shall be valued at $5,000 or less. Section 378 thereof provides that it shall be the duty of the Treasurer of Porto

Rico to issue special tax receipts in triplicate on payment of such tax; and section 379 provides that no court shall approve the partition or distribution of the estate of any decedent unless the special receipt or receipts referred to in the foregoing section have been produced, and that no registrar shall record any instrument or judicial decision, ruling or warrant in connection with the partition, distribution or delivery of such property unless such receipt or receipts of the Treasurer be presented.

In the present case, however, we have not to decide whether the person seeking to record a dominion title to a property acquired by him in whole or in part by inheritance has to present to the registrar such tax receipt, because as the share of Encarnación Agostini y Agostini is worth $150, it is clearly exempt by law from the payment of such tax and, therefore, it is not required to present the tax receipt cr to show that he has been exempted therefrom.

It appears from the dominion title proceeding that the estate of Trinidad Agostini was inherited in equal shares by her daughters Encarnación Agostini and Francisca Bayrón; and as the latter was the predecessor in interest of Benigno Castro to whom she sold her half interest, being at the same time the heiress of the former owner Trinidad Agostini, when the court stated that the former owners of the estate had been summoned it may be admitted that her successor in interest, Francisca Bayrón, had been summoned. Nor was it necessary for Encarnación Agostini to show to the registrar that she was the sole heiress of Trinidad Agostini, because it appears from the dominion title proceeding that Trinidad Agostini left two heirs, and because such requisite is only required to justify the omission to summon the successors in interest of the former owner.

There is also noted in the decision of the respondent registrar a curable defect, but as it has not been attacked by the appellants, we are not bound to consider it.

The decision appealed from must be reversed and the record ordered in compliance with this opinion.